UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN WALKER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF POCATELLO, *et. al.*,<br><br>　　　　　　Defendants. | Case No. 4:15-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTROCUDTION

The Court has before it Defendants' Motion for Protective Order (Dkt. 18). The Court also has before it Defendants' response to the Court's earlier order requesting an *in camera* review of any emails from Bybee to Smith (including emails Smith was cc'd on) from September 2015 – January 2016, plus documents with the bates numbers 612-614, 639-643, 615 and 699. For the record, the response consists of the documents with the bates numbers just listed (but no additional documents), a copy of Defendants' privilege log, and a list of the individuals (and their employment position) who appear as senders or recipients of the emails. For the reasons explained below, the Court will grant the motion in part and deny the motion in part.

## LEGAL STANDARD

State law governs privilege claims in this case. Fed.R.Civ.P. 501. Here, Idaho supplies the rule of decision, so Idaho privilege law applies. Id. Under Idaho law, the

**MEMORANDUM DECISION AND ORDER - 1**

party wishing to withhold documents as privileged has the burden of establishing the privileged character of communications. *Kirk v. Ford Motor Co.*, 116 P.3d 27, 34 (2005). Idaho Rule of Evidence 502(b) sets forth the general rule of privilege as follows,

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client which were made (1) between the client or the client's representative and the client's lawyer or the lawyer's representative, (2) between the client's lawyer and the lawyer's representative, (3), among clients, their representatives, their lawyers, or their lawyers' representatives, in any combination, concerning a matter of common interest, but not including communications solely among clients or their representatives when no lawyer is a party to the communication, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

I.R.E. 502(b).

The privilege may be waived. Idaho Rule of Evidence 510 sets forth the standard for waiver of the privilege as follows,

> A person upon whom these rules confer a privilege against disclosure of the confidential matter or communication waives the privilege if the person or the person's predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication. This rule does not apply if the disclosure is itself a privileged communication.

I.R.E. 510. Several years ago this Court addressed the question of how a defendant corporation can waive the attorney-client privilege. In that case, the Court noted that Idaho case law on the matter was undeveloped, and there was no authority addressing the issue of an employee's waiver of the attorney-client privilege held by the corporation for which she works. *See Truckstop.net, LLC v. Sprint Corp.,* Case No. 1:04-cv-00561,

**MEMORANDUM DECISION AND ORDER - 2**

BLW. Both parties have cited this case back to the Court, and the Court agrees that some of the analysis in that case is applicable here, where there is a question about whether certain city employees waived the attorney-client privilege.

In *Truckstop*, the Court referenced persuasive authority regarding an employee's waiver of the attorney-client privilege. Specifically, the Court cited *Denney v. Jenkens & Gilchrist*, 362 F.Supp.2d 407 (S.D.N.Y. 2004), where the district court held that the partner of a defendant accounting firm had the authority to waive any attorney-client privilege that attached to a memorandum to outside counsel regarding tax shelters. The court also cited *Jonathan Corp. v. Prime Computer, Inc.*, 114 F.R.D. 693 (E.D. Va.1987), where the district court held that the defendant's marketing representative, by voluntarily disclosing a memorandum to a customer during the ordinary course of business negotiations stemming from a contract dispute, waived any attorney-client privilege which the defendant may have had in the memorandum. The Court also referenced the Supreme Court's well-known *Upjohn* case, where the Supreme Court rejected a narrow "control group" test under which only a small group of management officials can be subject to attorney-client privilege. *Upjohn v. United States*, 449 U.S. 383, 396 (1981). In that case, the court acknowledged that the attorney-client privilege may extend to cover confidential legal communications between a corporation's attorneys and its employees at all levels. *Id*. But of note, the Virginia court in *Jonathan* applied *Upjohn* to conclude that "a corporation cannot enjoy the benefits of an expanded attorney-client privilege without likewise accepting the consequences that the privilege may well be waived by an employee who is outside of the 'control group." *Jonathan*, 114 F.R.D. 693.

**MEMORANDUM DECISION AND ORDER - 3**

**ANALYSIS**

Here, Defendants seem to want to eat their cake and have it too. They want to claim that Smith was entitled to attorney-client privileged information, but could not waive that privilege if she shared the information with Bristow, or that Bristow was entitled to attorney-client privileged information, but could not waive that privilege if she shared the information with Walker, or both. *Upjohn* does not allow this. Any City of Pocatello employee who was entitled to the attorney-client privilege regarding the Walker matter may also waive that privilege.

Applying this holding to the facts, there is really no dispute that Smith, the city's HR director at the time, was entitled to the attorney-client privilege regarding her communications with the city attorney working on the Walker matter. Thus, Smith may assert the privilege, but she also may waive the privilege. The same is not true for Bristow. She was a lower ranking employee who, according to the evidence before the Court, was not copied on any of the emails or other communication subject to the attorney-client privilege regarding the Walker matter. Thus, Bristow cannot assert the attorney-client privilege.

However, after reviewing Bristow's declaration and the documents submitted by Defendants for *in camera* review, the Court finds that Smith has not waived the privilege regarding any of those documents. All of the documents submitted for review contain attorney-client privileged information, but none of them, including Bates No. 699, reflect what Bristow states in her declaration. Several scenarios are possible here, but all are based upon speculation, in which the Court will not engage. Accordingly, the Court will

**MEMORANDUM DECISION AND ORDER - 4**

grant in part and deny in part the motion for protective order (which asks for a protective order regarding four areas of discovery) as explained below in the Order section of this MDO.

## ORDER

IT IS HEREBY ORDERED:

1. Defendants' Motion for Protective Order (Dkt. 18) is **GRANTED in part** and **DENIED in part**.

    a. The request for a protective order limiting the scope of discovery to forbid Plaintiff from acquiring a copy of any privileged emails or other privileged communications is granted. This applies to the documents provided to the Court for *in camera* review, bates numbers 612-614, 639-643, 615 and 699.

    b. The request for a protective order limiting the scope of discovery to prohibit inquiring into communications that are protected by attorney-client privilege or work product doctrine, including but not limited to the email identified as Bates No 699, and other legal advice relating to Plaintiff's claims against Defendants during the depositions of Kim Bristow, Kirk Bybee, Scott Marchand, Roger Schei, and Brian Blad is granted.

    c. The request for a protective order prohibiting discovery of and inquiry into communications protected by attorney-client privilege and work product doctrine going forward is granted. This is a bit of a generic

MEMORANDUM DECISION AND ORDER - 5

request, and it is actually the rule in any case. However, the Court nevertheless agrees with the request.

d.  The request related to all depositions for an order stating that Defendants have not and will not waive the right to assert the attorney-client privilege over communications between the Defendants, their employees, and their representative, Kirk Bybee, including legal advice relating to Plaintiff's claims against Defendants, as a result of any of the deponents identifying such communications is denied. The Court cannot make such a blanket order regarding all depositions. The Court can only make the finding it made above about the specific attorney-client privilege issue presented to the Court.

e.  The Court gives counsel the following guidance regarding potential depositions of Smith and Bristow:

   i.   The Court understands that Bristow has not been deposed. During her deposition, counsel may inquire about the conversation Bristow claims she had with Smith, including the substance of that conversation. This includes questions about an email referenced in Bristow's declaration regarding a conversation with Smith. There is no attorney-client privilege precluding Bristow from answering any such questions.

   ii.  The Court is unclear whether Smith has been deposed. If she has already been deposed, the Court will allow another deposition,

MEMORANDUM DECISION AND ORDER - 6

limited to inquiry about the alleged conversation she had with Bristow. During that deposition, counsel may inquire about whether Smith had a conversation with Bristow along the lines suggested by Bristow in her declaration. The Court envisions questions like: Did you tell Bristow that you and a number of other employees of the City of Pocatello received an email from Kirk Bybee stating that he had investigated the allegations Mr. Walker raised regarding the derogatory statements made about him by City officials to ISU, and that Bybee had found the allegations were true? Did you tell Bristow that Bybee, in an email, admonished either Mayor Blad or Chief Marchand for engaging in those actions and putting the City of Pocatello in a bad position? If Smith denies having such a discussion with Bristow, counsel may not then ask Smith about whether she received such an email from Bybee or the contents of such an email. If Smith admits to such a discussion with Bristow about the alleged email, counsel may ask follow-up questions about the contents of the email because her conversation with Bristow about the email would constitute a waiver of the attorney-client privilege regarding the email. Counsel may not ask Smith about Bates No. 699 or the other emails submitted to the Court for *in camera* review because they are subject to the attorney-client

MEMORANDUM DECISION AND ORDER - 7

      privilege, and there is no indication that the privilege has been waived as to those documents.

iii.  The Court has no idea how any of these questions will be answered, and recognizes that based upon the answers, more issues may arise which will need to be addressed with the Court. If that is the case, counsel must first discuss the matter with Jeff Severson, the Law Clerk assigned to this case, under the Court's standard discovery dispute protocol.

DATED: March 27, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 8**