UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN WALKER,<br><br>                      Plaintiff,<br><br>v.<br><br>CITY OF POCATELLO, *et. al.*,<br><br>                      Defendants. | Case No. 4:15-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Rule 37 Sanctions (Dkt. 32), and Plaintiff's Motion to Compel Production of Investigative Materials (Dkt. 40).

## ANALYSIS

**1.    Motion for Sanctions**

Walker asks the Court to sanction Defendants for failure to comply with the Court's earlier order. Walker complains that Defendants did not adequately search for and provide the Court with emails the Court requested for in *camera* review. In the alternative, Walker asks the Court to make Defendants provide evidence that they searched Bybee and Smith's computers, and to produce all Bybee emails for *in camera* review, including documents with certain Bates numbers.

This dispute stems from Kimberly Bristow's declaration stating that there is an email from Bybee to City employees (including Smith) where Bybee admonishes Mayor

**MEMORANDUM DECISION AND ORDER - 1**

Blad or Chief Marchand. To resolve that dispute, the Court ordered Defendants to provide the Court with any emails from Bybee to Smith (including emails Smith was cc'd on) from September 2015 – January 2016, plus documents with specific Bates numbers. Defendants provided the Court with emails, and the Court conducted its review. The Court saw no email reflecting what Bristow said in her declaration.

However, since that review, additional emails have come to light, apparently because of the search of additional computers. Thus, there is really no dispute that Defendants did not provide the Court with all the emails the Court requested. There also seems to be no dispute that the City of Pocatello's servers automatically delete emails after 30 days, but such emails may be recovered from individual computers if they have not been manually deleted. The new emails apparently came from subsequent searches of individual computers. But there has been no search of either Bybee's or Smith's computers.

Rule 37(2) allows the Court to order sanctions for failure to obey a court order. Sanctions include, but are not limited to, (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt

of court the failure to obey any order except an order to submit to a physical or mental examination. F.R.C.P. 37(2).

Under these circumstances, the Court believes it should grant Walker's alternative request. That is, the Court will order Defendants to search Bybee's and Smith's computers. Then Defendants must provide the Court with all emails found on those computers which fit the parameters set by the Court in its earlier order for *in camera* review. Defendants must also provide the Court with the recently discovered emails mentioned in the parties' briefs, including Bates numbers 14875-76, 14886, 14889, and 14892, which were apparently discovered after the Court's earlier order. Once the Court reviews all these emails, the Court will determine whether additional sanctions are appropriate.

**2.      Motion to Compel**

Walker asks the Court to compel Defendants to produce certain thumbnail images contained in an investigative file of Marchand.[1] Walker wants to show Marchand's bias and animosity toward him to support his due process claim. In his deposition, Marchand stated that he and Lieutenant Peterson went to the major because they heard "Walker was telling everyone that there was pornography there [on his computer] and we were given amnesty." *Marchand Depo.,* p. 34, Dkt. 40-3. Walker contends that these "false" accusations show bias and animosity toward Walker. To show the accusation is false,

---

[1] In his reply brief, Walker also asks the Court to compel Defendants to produce the entire investigative file unredacted. The Court will not address this request, since it was not requested in the original motion or brief.

**MEMORANDUM DECISION AND ORDER - 3**

Walker wants to show that there was, in fact, pornography on Marchand's computer. Further, the thumbnails may be used to impeach Marchand if they are pornographic because Marchand denied he had pornographic material on his computer during his deposition. *Marchand Depo.,* p. 29, Dkt. 40-3.

But for Marchand's testimony that there was no pornographic material on his computer, the Court would find that the documents already produced regarding the conclusion and findings of the investigations are enough. However, Marchand has now placed the question of whether the images are pornographic at issue. This does not mean this material will necessarily be admissible at trial. But the information is limited and likely easy to locate, and it is relevant to the plaintiff's claim and proportional to the needs of the case considering the factors in Rule 26(b)(1). Plus, the Court is not ordering Defendants to turn over the entire investigative file. Accordingly, the Court will order Defendants to turn over the thumbnails.

## ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Rule 37 Sanctions (Dkt. 32) is **GRANTED in part** and **DENIED in part**. Defendants must conduct the search and provide the Court with the emails as explained above. Defendants must conduct the search and provide the emails to the Court within 21 days of the date of this Order.
2. Plaintiff's Motion to Compel Production of Investigative Materials (Dkt. 40) is **GRANTED**, and Defendants are ordered to turn over the thumbnails.

3. The Motion to Stay (Dkt. 47) is **GRANTED**. Briefing on the motion for summary judgment is stayed until the Court reviews the emails and issues its decision.

DATED: September 22, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court