UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF POCATELLO, a political subdivision of the State of Idaho; SCOTT MARCHAND, in his individual and official capacity; and ROGEL SCHEI, in his individual and official capacity,<br><br>    Defendants. | Case No. 4:15-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is the City of Pocatello's Motion for Reconsideration (Dkt. 68). The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

# BACKGROUND

Plaintiff John Walker is a police officer with the City of Pocatello. In 2015, he sued the City and three individual defendants alleging various state and federal

claims. Most significantly for purposes of this motion, Walker alleged that his constitutional due process rights were violated when he didn't receive a promotion Mayor Brian Blad had promised to him.

At the conclusion of discovery, defendants moved for summary judgment. The Court granted summary judgment on some claims, but others survived, including Walker's due process claim. The individual defendants filed an interlocutory appeal arguing that they were entitled to qualified immunity on the due process claim. The Ninth Circuit held that there was no constitutional violation in the first place because Mayor Blad lacked authority to promise a promotion to Walker. The circuit thus reversed and remanded for further proceedings "including the dismissal of Walker's due process claim premised on the promotion." *Apr. 28, 2019 Mem. Disp.*, Dkt. 40-1, at 4.

In light of the circuit ruling and this Court's earlier pre-trial rulings, Walker now has five claims ready for trial: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) interference under the Family and Medical Leave Act of 1993 (FMLA); (4) retaliation under the FMLA; and (5) retaliation under the Rehabilitation Act. The City now asks the Court to reconsider its earlier summary-judgment ruling on these claims. The City says the Ninth Circuit implicitly dismissed or "rendered impossible" four of Walker's remaining claims (both emotional distress claims and both retaliation claims). As for the fifth

claim –the FMLA interference claim – the City says it has new evidence demonstrating that this claim too must be dismissed.

## ANALYSIS

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Ins. Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litig.*, 521 F. Supp. 568, 572 (N.D. Cal. 1981) (Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

1.  **The Retaliation Claims**

Walker has alleged two retaliation claims – one under the Family and Medical Leave Act (FMLA) and the other under the Rehabilitation Act. Both require Walker to establish that he suffered an adverse employment action. *See Mem. Decision & Order,* Dkt. 57, at 15, 24 (citing authorities). The City now argues that when the Ninth Circuit held Walker did not have a protectible property interest in the promotion, it implicitly concluded Walker cannot establish the requisite "adverse employment action" to pursue the retaliation claims.

The Court is not persuaded. Walker does not need to show a constitutionally protected property interest in his employment (or in a promised promotion) to suffer an "adverse employment action" under either act. *See generally Brooks v. City of San* Mateo, 229 F.3d 917, 928 (9th Cir. 2000). The City does not cite any authority supporting its argument to the contrary, and the Court has not located any. Further, Walker complains of other adverse actions besides the failure to promote. The Court will therefore deny the City's motion to reconsider its earlier rulings on the retaliation claims.

2.  **The Emotional Distress Claims**

The Court will also deny the City's motion to reconsider the earlier rulings on the emotional distress claims. In denying the earlier motion to grant summary judgment on Walker's claim for intentional infliction of emotional distress, the

Court held:

> [T]here is sufficient additional evidence to support the claim – most notably tracking and surveilling Walker on his property by setting up a police surveillance camera on his neighbor's property, and the later threat of termination. There is a genuine issue of fact whether these actions were intentional or reckless, and whether the conduct was extreme and outrageous.

*Jan. 31, 2018 Order,* Dkt. 57, at 29. The Court likewise declined to summarily adjudicate the claim for negligent infliction of emotional distress in the City's favor. *See id.* at 31 ("the claim may proceed against the City of Pocatello").

The City describes both emotional distress claims as parasitic claims that necessarily fail now that the due process claim is gone. More precisely, the City argues that "absent any protected property interest, Plaintiff cannot identify any violating conduct to support his claim." *Def.'s Br.* at 12, Dkt. 68-1.

The Court disagrees. The Ninth Circuit's ruling was a narrow one, targeted specifically and only at the due process claim. The circuit did not dismiss any other claim, and the City has not cited any authorities supporting its argument that the emotional distress claims automatically fail because the plaintiff cannot pursue his due process claim. The emotional distress claims are stand-alone claims, and the Court has already determined they withstand summary judgment. The Ninth Circuit's ruling on the due process claim does not change that.

## 3. The FMLA Interference Claim

The City next argues that Walker's interference claim under the FMLA, *see* 29 U.S.C. § 2612, should be dismissed because "new evidence demonstrates that Plaintiff has requested and received FMLA leave at least twice since Defendants first filed their Motion for Summary Judgment," and, accordingly, "no reasonable jury could find that any negative disciplinary action was taken against Plaintiff that had a 'tendency to chill' his willingness to take FMLA leave in the future." *Motion Mem.*, Dkt. 68-1, at 2.

The Court is not persuaded. Even assuming the City had "new evidence" to support its argument, the argument rests on a faulty premise. The City is arguing that an FMLA interference claim is necessarily defeated if an employee resolutely insists on exercising his rights under the FMLA – notwithstanding the alleged interference. That is not the law. If an employer takes any action "with a reasonable tendency to 'interfere with, restrain, or deny' the 'exercise or attempt to exercise' an FMLA right," then that action "may give rise to a valid interference claim under § 2615(a) *even where the action fails to actually prevent such exercise or attempt*." *Gordon v. Capitol Police*, 778 F.3d 158, 165 (D.C. Cir. 2015) (emphasis added); *see also Xin Liu v. Amway Corp.,* 347 F.3d 1125, 1136 (9th Cir. 2003) ("the statutory and regulatory language of the FMLA makes clear that where an employee is subjected to negative consequences . . . simply because he has used

FMLA leave, the employer has interfered with the employee's FMLA rights under 29 C.F.R. § 825.220(a)(1)). Here, just because Walker exercised his FMLA rights in 2017 and 2018 does not change the fact that the City allegedly interfered with his FMLA rights. And the Court has already concluded that "there is a genuine issue of material fact as to whether Defendants' invasive surveillance of Walker's private activities would 'chill' his use of FMLA, and whether the[re] were negative consequences of Walker taking FMLA leave." *Jan. 31, 2018 Order,* Dkt. 57, at 14. The Court is not convinced that it should reconsider its earlier ruling regarding Walker's FMLA interference claim.

### 4. Sanctions

Walker asks the Court to sanction the City for bringing this motion. The Court will decline that request. For the most part, the City's motion rested on a misinterpretation of the Ninth Circuit's ruling. The Court does not agree with the City's interpretation of that ruling, but losing the occasional motion is part and parcel of a hard-fought litigation. And the City's arguments were not so bad as to merit sanctions.

## ORDER

**IT IS ORDERED that:**

**(1)** The City's Motion to Reconsider (Dkt. 68) is **DENIED**.

**(2)** Plaintiff's Request for Sanctions is **DENIED.**

**(3)** The City's Declaration is **DEEMED MOOT**.



DATED: November 4, 2019

_____
B. Lynn Winmill
U.S. District Court Judge