UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN WALKER,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF POCATELLO, a political subdivision of the State of Idaho; SCOTT MARCHAND, in his individual and official capacity; BRIAN and ROGER SCHEI, in his individual and official capacity.<br><br>  Defendants. | Case No. 4:15-cv-0498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff John Walker's Motion in Limine to exclude Exhibits 2002, 2003, 2035, 2036, 2037,[1] and any evidence that he was in violation

---

[1] Plaintiff's motion refers these exhibits by slightly different numbers, however Defendants' exhibit list, filed with the court, shows this exhibit as described above. The Court references these exhibits as they appear on Defendants' exhibit list filed with the Court.

MEMORANDUM DECISION AND ORDER - 1

of his FMLA medical restrictions. Dkt. 79. Because many of the issues raised by the Plaintiff's motion require more context, the Court's decision is provisional in nature and, unless otherwise indicated, may be revisited during the trial when the Court will have the benefit of considering the motion within the broader framework of the fully record.

## BACKGROUND

Trial in this matter is set for July 20, 2020. After extensive litigation, Walker has five remaining claims ready for trial, including violations of the Family Medical Leave Act and Rehabilitation Act. Walker now seeks to exclude certain Defendants' exhibits and evidence related to his FMLA claims.

## LEGAL STANDARD

There is no express authority for motions in *limine* in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). They key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offers." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

## ANALYSIS

    A.    **Exhibit 2002**

**MEMORANDUM DECISION AND ORDER - 2**

Defendants' Exhibit 2002 is a portion of the regulations implementing the FMLA, 29 C.F.R. § 825.300, *et seq*. Walker argues the Court should exclude the regulations because their admission would intrude on the Court's role of instructing the jury on the law. The City argues it does not intend to introduce the regulation to instruct the jury on the law. Instead, it intends to introduce the regulations to show their good faith and non-discriminatory intent.

In an FMLA interference claim the employer's intent is irrelevant. *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011). In an FMLA retaliation claim the plaintiff must prove that he engaged in a protected activity, the employer took an adverse employment action, and there was a casual link between the two. The plaintiff must prove that the protected activity was the but-for cause of defendants' retaliation. *Cheeks v. General Dynamics*, 22 F.Supp.3d 1015 (D. Arizona 2014). At trial, the *McDonnell Douglas* framework does not apply. *Sanghvi v. City of Claremont*, 328 F.3d 532, 537 (9th Cir. 2003). However, to persuade the fact-finder that there is no causal link between the protected activity and the adverse employment action, the City may still present evidence of a legitimate, nondiscriminatory reason for its action. *Id.* Thus, the City's reliance on the regulations may be relevant to show a nondiscriminatory reason for the actions it took. Additionally, if an employer held in violation of § 2615 proves the

violation was made in good faith and on reasonable grounds that the action was not a violation, courts may reduce the liquidated damages. 29 U.S.C. § 2617(a)(1)(A)(iii). Thus, the City's reliance on the regulations is a relevant issue in this case.

Courts allow testimony that references the law at issue, as long as it is not used to instruct the jury on the law. *United States v. Diaz*, 876 F.3d 1194, 1199 (9th Cir. 2017). *See also Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (admitting expert testimony that referenced California's statutory provisions); *Escobar v. Nevada Helicopter Leasing LLC*, No. CV 13-00598 HG-WRP, 2020 WL 1076107, * (D. Haw. Mar. 6, 2020) (allowing the admission of federal regulations because they were relevant to the issue of standard of care in the plaintiff's state tort claim).

Because the City's good faith reliance on the FMLA regulations may be relevant to issues of this case, the Court will not exclude Exhibit 2002. However, the City must still establish relevance, by showing that the regulations were in fact considered by the relevant decision- and policy-makers.

**B.     Exhibit 2003**

Exhibit 2003 contains an excerpt of the Family and Medical Leave Handbook. Walker argues the exhibit should be excluded because the materials serve only to instruct the jury on the law. Dkt. 79-1 at 2–3. The City argues it

relied on these materials in conducting the actions at issue in this case, and thus they are evidence of the City's good faith reliance on the law.

As discussed above, the City may present evidence of a nondiscriminatory reason for its actions, including a lack of retaliatory intent. The City claims they referred to the handbook for guidance on how to lawfully require recertification of Walker's FMLA leave. This evidence may be relevant to the City's argument that its conduct towards Walker was non-discriminatory. The handbook was apparently published in 2004. However, if it was still being relied upon by the City in making decisions relevant to Mr. Walker's FMLA leave, it would be relevant.[2]

### C.     Exhibits 2035, 2036, and 2037

Exhibits 2035, 2036, and 2037 contain investigative materials and letters regarding prior investigations by the City into other employees' use of FMLA leave. Walker argues (1) the exhibits are prejudicial because they contain the name of his counsel, and (2) the information is not relevant because the previous incidents are not similarly situated to the present case. Dkt. 79-1 at 3–5. The City responds by arguing the similarities between those incidents and Walker's situation

---

[2] Walker also argues that the exhibit was not timely disclosed. It is not apparent from the briefing when the exhibit was disclosed to Walker. The Court may entertain an objection to this exhibit if it was disclosed after the close of discovery.

is an issue of fact for the jury. Dkt. 88 at 6–7.

### 1. Name of Counsel

In Exhibits 2035 and 2036, the City redacted the dates and target employee names from the materials. However, the name of Walker's counsel, Ms. Casperson, remains in the documents unredacted. The City argues Casperson's name is not privileged information warranting redaction. Dkt. 88 at 6. Walker argues the presence of the name creates undue prejudice against him. Dkt. 79-1 at 3.

Though Casperson's name is not privileged information, the Court finds the its inclusion may be prejudicial is not relevant to any issue in this case. Therefore, the Court will require the redaction of Casperson's name in the documents.

### 2. Factual Similarity

Walker further disputes the evidence of the previous incidents because those situations are not similar to the facts of his case. He notes that the documents are over 10 years old and involve different decision-makers. The documents detail the City's previous investigations and determinations relating to employees' use of FMLA leave. Exhibits 2035 and 2036 detail an employee's termination after using expired FMLA time and being seen conducting personal business after calling in sick. Dkt. 79-5; Dkt. 79-6. Exhibit 2037 involves the termination of an employee who used sick leave to go to a salon. Dkt. 79-7. The City argues their experience in

these previous incidents helps demonstrate their non-discriminatory intent in having Walker surveilled. Walker argues the situations are factually dissimilar and therefore irrelevant.

"Courts must be careful not to resolve factual disputes or to weigh evidence when ruling on a motion in limine." *Vasquez v. City of Idaho Falls*, 2020 WL 1860394, *3 (D. Idaho Apr. 13, 2020) (citing *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Unless a motion in limine meets the standard of showing the evidence is inadmissible on all potential grounds, a ruling "should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). The previous FMLA incidents and Walker's situation may be sufficiently analogous that the former bears on the questions of good faith and retaliatory or discriminatory animus. However, that is an issue best left for resolution when the Court can consider the evidence in the broader context of the trial.

Although an exhibit may be relevant, it must also pass muster under Rule 403. If the Plaintiff's situation is markedly different from that of the employees referenced in Exhibit Nos. 2035, 3036 and 2037, the exhibits will have limited relevance in this case. And, extensive discussion about the situation of the other

employees, the nature of their requests for leave, who the decision-makers were, and how their requests were handled and investigated may delay the trial and confuse the jury. For that reason, the Court will require a close "fit" between the situations involved in Exhibit Nos. 2035, 2036 and 2037 or the exhibits will be excluded under Rule 403. However, that can only be determined in the context of the evidence presented during the trial.

    **D.**    **Evidence that Walker violated his FMLA medical restrictions**

Finally, Walker argues the City cannot offer medical expert testimony regarding his FMLA medical restrictions because they did not properly disclose the witnesses under the Federal Rules of Civil Procedure Rule 26(a)(2). Further, Walker argues the Court should exclude evidence that he violated his restrictions because the City did not follow the proper recertification protocol under 29 U.S.C. § 2613(c) and (d).

    **1.  Disclosure of Witnesses**

Walker argues the City failed to properly disclose any medical experts, and that any of the City's medical experts would not be sufficiently knowledgeable about his certification to qualify. The City argues, however, that the testimony they seek to admit is not expert testimony, but rather the testimony of witnesses who have personal knowledge of Walker's behavior in the context of his medical restrictions.

A witness who is not testifying as an expert may only testify to an opinion that is (a) "rationally based on a witness's perception," (b) "helpful to clearly understanding the witness's testimony or to determining a fact in issue," and (c) "not based on scientific, technical, or other specialized knowledge within the scope Rule 702." F.R.E. 701. So long as a witness proffered by the City does not offer any opinion testimony that requires medical expertise, he or she will not be excluded for failure to comply with the disclosure requirements of Rule 26. On the other hand, the witness will not be allowed to offer any expert opinions since they were not disclosed as expert witnesses.

### 2. FMLA Recertification Process

Walker further argues that the City is barred from introducing evidence of his violations of his FMLA restrictions because an employer's only avenue of challenging the legitimacy of an employee's FMLA leave is requiring the employee to seek a second medical opinion to challenge the initial certification. The City argues the recertification protocol is not at issue because the evidence serves only to address the preliminary issue of whether there was reason to doubt Walker's certification. Dkt. 89.

Walker relies on *Sims v. Alameda-Contra Costa Transit District*, 2 F. Supp. 2d 1253, 1262 (N.D. Cal. 1998), which held that an employer who doesn't seek a second opinion waives its right to later contest the initial medical certification.

However, the *Sims* case was not appealed, and the Ninth Circuit has not had an occasion to directly address this issue. Moreover, every circuit court to consider the issue has held that an employer is not foreclosed from challenging the initial certification even though it failed to obtain a second medical opinion. *Pollard v. New York Methodist* Hospital, 861 F.3d 374 (2nd Cir. 2017); *Murphy v. FedEx Nat. LTL, Inc.,* 618 F.3d 893, 902 (8th Cir.2010); *Novak v. MetroHealth Med. Ctr.,* 503 F.3d 572, 580 (6th Cir.2007); *Rhoads v. F.D.I.C.*, 257 F.3d 373, 385–86 (4th Cir.2001). While the district judge in *Sims* did an excellent job of analyzing the issue, the Court is unwilling to adopt that analysis given the unanimous, contrary view taken by the circuit courts which have directly considered the issue.

Thus, in the Court's view, an employer "may" make an employee seek a second or third medical opinion to challenge the initial certification of FMLA leave, but is not required to do so. The failure to seek a second opinion does not prevent the City from challenging the legitimacy of the certification. 29 U.S.C. § 2613(c) & (d).

The issues of whether a second medical opinion should have been requested by the City and whether the surveillance of Walker was justified are issues of fact which will need to be addressed by the jury. Therefore, the Court will not exclude evidence of Walker's alleged violation of his FMLA restrictions.

## ORDER

**IT IS ORDERED** that Plaintiff's Motion in Limine (Dkt. 79) is **DENIED** as described above.

DATED: July 9, 2020

B. Lynn Winmill
U.S. District Court Judge