UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN WALKER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF POCATELLO, a political subdivision of the State of Idaho; SCOTT MARCHAND, in his individual and official capacity; BRIAN and ROGER SCHEI, in his individual and official capacity,<br><br>Defendants. | Case No. 4:15-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Motion in Limine to Limit Evidence at Trial. Dkt. 80. The motion is fully briefed.

## BACKGROUND

Trial in this matter is set for July 20, 2020. After extensive litigation, Walker has five remaining claims ready for trial, including violations of the Family Medical Leave Act and Rehabilitation Act. Defendants seek to exclude certain

**MEMORANDUM DECISION AND ORDER - 1**

evidence related to Walker's claims.

## LEGAL STANDARD

There is no express authority for motions in *limine* in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). They key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offers." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41. Thus, unless otherwise indicated in this decision, any such preliminary ruling may need to be revisited in the context of the evidence actually presented at trial.

## ANALYSIS

### A.  Evidence of denial of promotion

Defendants seek to exclude any evidence that Walker was denied a promotion to captain. Dkt. 80-1 at 6-7. Defendants argue that Walker had no reasonable expectation or entitlement to the promotion and that the FMLA only ensures a plaintiff is able to return to the job they had before taking leave. *Id.* at 7-8. Defendants further argue that the Ninth Circuits decision established that Walker was not entitled to a promotion. *Id.* at 8.

The Court already addressed this last contention in its order on Defendants'

**MEMORANDUM DECISION AND ORDER - 2**

motion for reconsideration. Dkt. 71 at 4. Walker's retaliation claims under the Rehabilitation Act and FMLA require Walker to show that he suffered an adverse employment action. The Court rejected Defendants' argument that, because Walker did not have a protectible property interest in a promotion, he could not establish an adverse employment action. *Id.*

Refusal to consider an employee for a promotion can constitute an adverse employment action. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Likewise, the FMLA regulations prohibit employers from using FMLA leave as a negative factor in employment actions, including promotions. 29 C.F.R. § 825.220(c). Further, the regulations allow the Court to provide equitable relief for violations of the FMLA, including promotion. *Id.* § 825.220(b). Accordingly, the Court will deny Defendants' motion and allow Walker to present evidence related to the alleged refusal to promote him after he took FMLA leave.

### B. Events occurring prior to September 2015

Defendants seek to exclude evidence pertaining to events prior to September 2015, when Walker took his FMLA leave. Dkt. 80-1 at 3. Defendants argue that this evidence is not relevant to any of Walker's claims. Walker generally agrees to limit evidence of events prior to September 2015, but argues that he should be able to provide evidence related to his job performance and medical condition prior to

MEMORANDUM DECISION AND ORDER - 3

taking leave. Dkt. 96 at 2. Walker argues that this evidence is relevant to provide context for his employment with the City and demonstrate subsequent adverse employment actions. *Id.*

Under his FMLA interference claim Walker must establish "by a preponderance of the evidence that his taking FMLA leave constituted a negative factor" in Defendants' decision not to promote him. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001). Walker can establish this using either direct or circumstantial evidence, or both. *Id.* Here Walker's performance reviews shortly before he took FMLA leave are circumstantial evidence that Defendants considered it a negative factor in their decision not to promote him. Further, Walker's performance reviews may be circumstantial evidence supporting his retaliation claims. Therefore, the Court will deny the motion as to the evidence, which Walker identified in his response to Defendants' motion.

### C. Evidence of this lawsuit

Defendants seek to exclude evidence of this lawsuit as evidence of a protected activity. Dkt. 80-1 at 10. Defendants argue that Walker cannot use evidence of the second amended complaint, filed in 2017, as protected activity for which defendants took actions against him in 2015 and 2016. *Id.* at 11-12. Walker responds that he instituted FMLA investigations before the second amended

**MEMORANDUM DECISION AND ORDER - 4**

complaint was filed and that Defendants retaliated against him for those investigations. Dkt. 96 at 6. Walker further argues that he should be allowed to present evidence of retaliation occurring after the filing of the second amended complaint as adverse employment actions taken against him for instituting FMLA investigations. Walker suggests that, even though these later retaliatory actions were not included in his second amended complaint, he put Defendants on notice through discovery. Dkt. 96 at 7.

The Ninth Circuit has indicated that a plaintiff may pursue claims not included in the complaint by putting a defendant on notice of them during discovery. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Obviously, this principle comes into play when events occur after the filing of an amended complaint which plaintiff believes provide further evidence of FMLA interference or retaliation. The Court is therefore inclined to allow Walker to present evidence of his investigations of Defendants FMLA violations and the filing of this action. Walker is not seeking to add a claim to his complaint, instead he is seeking to present evidence of the Defendants' ongoing retaliation. Further, Walker put Defendants on notice of this theory during discovery. Therefore, the Court will deny the Defendants' motion in limine on this issue.

### D. Expert Terry Gazdik

**MEMORANDUM DECISION AND ORDER - 5**

Defendants seek to exclude the testimony of, and economic report prepared by, Terry Gazdik. Dkt. 80-1 at 13. A chronology of events is necessary to resolve Defendants' motion.

Gazdik was initially disclosed by Walker on November 15, 2016. Gazdik's initial report related to Walker's economic loss from not being promoted in 2013 or not obtaining a position with ISU. *Id.* On May 8, 2017, Walker filed his Second Amended Complaint. Dkt. 34. On January 31, 2018, the Court issued its decision granting in part, and denying in part, the Defendants' Motion for Summary Judgment. Dkt. 57. The Defendants appealed the Court's decision, and the Ninth Circuit Court of Appeals on April 23, 2019 reversed the Court's denial of qualified immunity to the individual defendants and remanded the case for further proceedings. Dkt. 64. The Defendants then sought reconsideration of the Court's earlier decision denying summary judgment, which was ultimately denied on November 4, 2019. Dkt. 71. Until that point, it was unsettled as to which claims would actually be tried in this case.

On January 10, 2020, the case was set for trial on July 20, 2020. Dkt. 72. Roughly two months later, the world changed dramatically with the rise of the COVID-19 pandemic. This caused the Court to adopt a series of General Orders vacating all trial settings until the State of Idaho reopened the state to such an

**MEMORANDUM DECISION AND ORDER - 6**

extent that trials could be held in compliance with the State's reopening plan. Although the trial date in this case was never vacated, it was clear to all practicing attorneys that there was great uncertainty as to whether any civil trials would be held in the upcoming months. On June 25, 2020, the Court conducted a pretrial conference with counsel, which was primarily to determine whether the July 20 trial date should be vacated. After conferring with counsel, the trial date was reaffirmed.

Despite the uncertainty of whether the trial would be held on July 20, the parties began doing their final trial preparation in late May and early June. On June 4, 2020, Walker's counsel requested additional documents from the City which were necessary to supplement Gazdik's report. The City provided the requested documents on June 8 and 10. The Defendants filed this motion in limine on June 11, 2020 requesting that Gazdik not be allowed to testify because her report was premised on claims no longer in the case and because no supplementation had been filed. Dkt. 80. Walker then served Gazdik's supplemental report on Defendants on July 6, 2020. Dkt. 99. The supplemental report now calculates Walker's economic loss if he had been promoted in February 2016 or July 2016, including updated salary information. Dkt. 99-1 at 6.

One part of the Defendants' argument is easily disposed of. Defendants

**MEMORANDUM DECISION AND ORDER - 7**

argue that Gazdik's original disclosure does not relate to any of Walker's current claims because it was generated prior to the filing of the second amended complaint and is not based on his FMLA or Rehabilitation Act claims. Dkt. 80-1 at 13. Defendants also argue that the report is irrelevant because it pertains to promotions which Walker was not entitled to. However, as explained above, Plaintiff has a viable claim that the failure to promote may constitute a form of FMLA interference or retaliation which is compensable in this action. So, this ground for exclusion has no merit.

More challenging is the Defendants' argument that the supplementation filed two weeks before trial is prejudicial and violates the command of Rule 26 that an expert report must be supplemented, "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed.R.Civ.P. 26(e)(1)(A). Here, there is no question but that the nature of the claims to be resolved were clearly established after the Court denied the Defendants' motion for reconsideration in November 2019. At that point, and certainly by January 10, 2020 when the Court set the current trial date, there was no reason why the Plaintiffs could not have supplemented Gazdik's report to more accurately reflect the time frame and claims which would be submitted to the jury.

On the other hand, although the decisions by this Court and the Ninth Circuit

have changed the legal theory upon which Walker claims damages for the Defendants' refusal to promote him, the theory underlying the economic loss calculations has not changed. In addition, within 2 months after the Court set the trial date, the COVID-19 pandemic created havoc in the legal system as both courts and attorneys tried to sort out the impact of the pandemic on cases that had been scheduled for trial. Because of that uncertainty, it was not unreasonable for Plaintiff's counsel to delay updating Gazdik's supplementation of her report until the trial date was certain. Indeed, to do otherwise may have required that the supplementation be repeated prior to a later trial date if the July 20 trial were vacated.

On the other hand, Rule 37 does provide that if a party fails to supplement their expert witness disclosures, they are not allowed to use that witness to supply evidence on at trial, "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). And, under normal circumstances, the Court would not be willing to find that the conduct of Plaintiff's counsel was "substantially justified" or that the failure to supplement Gazdik's report is "harmless" to the Defendants.

But, the circumstances here are unique. First, while Plaintiff's counsel's conduct may not have been substantially justified, it was understandable – particularly given the charge of Rule 1, that the Federal Rules be "construed,

**MEMORANDUM DECISION AND ORDER - 9**

administered, and employed by *the court and the parties* to secure the just, speedy, and *inexpensive* determination of every action and proceeding." Fed.R.Civ.P. 1 (Emphasis supplied). Second, the Court has reviewed Gazdik's supplemental report and it does appear to use the same methodology as her earlier report. Moreover, the changes appear to be based solely on objective data and information supplied by the Defendants and by PERSI, the state retirement system.

Although Rule 37 provides for a default remedy of excluding supplemental reports not timely disclosed, it does provide the Court with discretion to consider other sanctions. Appropriate to this case, the Court may require, as a condition of admitting the expert testimony, that the offending party pay "reasonable expenses, including attorney's fees," caused by the failure to supplement the expert's report in a timely fashion. Fed.R.Civ.P. 37(c)(1)(A). That sanction seems measured and proper here.

Therefore, the Court will deny the Defendants' motion to exclude Gazdik's testimony, but conditioned on the Plaintiff's payment of reasonable expenses incurred by the Defendant in having their expert respond to Gazdik's supplemental report, and the legal fees incurred for time spent by counsel in reviewing that response.

    **E.**    **Non-expert testimony relating to Plaintiff's physical/mental health prior to September 2015**

**MEMORANDUM DECISION AND ORDER - 10**

Defendants seek to exclude testimony from Dr. Matthew Fackrell and Bob Stahn. Walker does not intend to call these individuals as witnesses at trial. Therefore, the Court will grant the motion as to these individuals.

F.    **Third-Party Witness Testimony**

Defendants seek to exclude testimony from Walker's family members. Dkt. 80-1 at 16. Defendants argue that Walker's family members do not have any personal knowledge relevant to Walker's claims. Walker responds that his family members were captured on the surveillance tape, which the Defendants failed to preserve, and have knowledge of his activities during his FMLA leave. Walker further argues that his family members can testify as to their knowledge the Defendants actions had on Walker.

The Court does not see how the family members' testimony is relevant to Walker's FMLA or Rehabilitation Act claims. However, the testimony may be relevant to Walker's NIED and IIED claims, specifically the degree of his emotional distress. Therefore, the Court will deny the motion and consider the issue when it is presented in context.

**ORDER**

**IT IS ORDERED** that Defendants' Motion in Limine (Dkt. 80) is

**GRANTED IN PART and DENIED IN PART**, as described above.

DATED: July 11, 2020

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 12**