UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF POCATELLO, a political subdivision of the State of Idaho; SCOTT MARCHAND, in his individual and official capacity; BRIAN and ROGER SCHEI, in his individual and official capacity.<br><br>　　　　Defendants. | Case No. 4:15-cv-0498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff John Walker's Motion in Limine Regarding Failure to Identify Witness or Disclose Information. Dkt. 103. Walker seeks to exclude testimony of Kirk Bybee and Terry Felsman and any testimony relating to Defendant's advice of counsel defense.[1] Briefing is complete, for the reasons that

---

[1] It is not clear to the Court that there is an "advice of counsel" defense to the claims here. (Continued)

follow the Court will grant the motion.

## BACKGROUND

Trial in this matter is set for July 20, 2020. To understand the context of Plaintiff's motion it is necessary to review the procedural history of this case. On February 8, 2016, Walker filed his amended complaint raising 42 U.S.C. § 1983 claims due to alleged constitutional violations, along with NIED and IIED claims. Dkt. 3. Walker thereafter learned the Defendants were involved in surveilling his conduct while on FMLA leave. On May 1, 2017 the Court granted Walker leave to amend his complaint and add claims under the FMLA and Rehabilitation Act related to that surveillance, and reopened discovery to allow the parties to address these new claims. Dkt. 33. On January 31, 2018 the Court granted Defendants' motion for summary judgment on Walkers First and Fourth Amendment claims and two state law claims. Dkt. 57. The Court denied summary judgment on Walker's due process claim and the remaining claims now set for trial. *Id.* The Defendants appealed the Court's decision to the Ninth Circuit, which found that Walker did not have an entitlement to a promotion, and remanded with instructions

---

Nevertheless, evidence that the Defendants did rely upon the advice of their attorney may provide the Defendants with an effective argument to the jury that, even if they did violate the Plaintiff's statutory rights, their conduct was not in retaliation for Plaintiff's actions.

to dismiss his due process claim. Dkt. 64. The Court then denied Defendants' motion for reconsideration on the FMLA, Rehabilitation Act, NIED, and IIED claims.

On August 19, 2016, Defendants identified Kirk Bybee, the City's attorney, as someone who had knowledge of "Plaintiff's employment, Plaintiff's due process hearing, and other facts pertaining to this matter. Dkt. 104-1 at 23. On March 15, 2017 Defendants disclosed an email from Bybee to Scott Marchand relating to obtaining documentation from Walker's physician to confirm that he was unable to work. Dkt. 104-1 at 44. When Walker's attorney tried to question Marchand about the email, Defendants' counsel asserted the email was inadvertently disclosed and attempted to assert that it was privileged. *See* Dkt. 107 at 4-5. Defense Counsel also prohibited Marchand from discussing his communications with Bybee, asserting attorney-client privilege.

On May 19, 2017, Walker sent additional discovery requests to Defendants, specifically Interrogatory No. 15, seeking the identity of "any individuals who have knowledge of or played any role in the surveillance… of Plaintiff … from 2013 to date." Dkt. 103-3 at 6. In response Defendants objected to the interrogatory on the grounds that it sought communications protected by attorney-client privilege and then went on to identify nine individuals who have knowledge

MEMORANDUM DECISION AND ORDER - 3

related to Walker's FMLA leave in 2015. Dkt. 103-4 at 4-5. Neither Kirk Bybee nor Terry Felsman were disclosed in this list. *Id.*

Defendants' witness list shows that they intend to call Bybee as a witness at trial. Dkt. 85 at 6. Bybee is expected to testify to the investigation into Walker's FMLA leave in 2015. *Id.* Specifically, his testimony will apparently relate to his involvement in suggesting surveillance of Walker, his recommendation that the City take no action against Walker, and the City's duty to investigate allegations of fraudulent FMLA leave. *Id.* Defendants also anticipate that several other witnesses will testify that the decision to investigate Walker's FMLA leave was authorized by Bybee. *Id.* at 2-5.

## LEGAL STANDARD

There is no express authority for motions in *limine* in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). They key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offers." *Luce v. United States*, 469 U.S. 38, 40 (1984).

Federal Rule of Civil Procedure 26(a)(1) requires parties to disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."

Pursuant to Rule 37(c)(1), if a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (internal citation omitted). The burden of preventing the sanction, and showing the failure was substantially justified or is harmless is on the party facing the sanction. *Id*.

## ANALYSIS

Walker seeks to exclude testimony of Kirk Bybee or any testimony asserting that the decision to surveil Walker was based on the advice of counsel or that Bybee approved of or was involved in the decision to surveil Walker. Dkt. 103-1 at 1-2. Walker argues that the City repeatedly asserted attorney-client privilege regarding the decision to surveil him and failed to disclose Bybee as a witness. *Id.* Defendants respond that Bybee was sufficiently identified as a witness in response to Walker's first discovery request in 2016. Dkt. 104 at 2. Defendants further argue that the email disclosed between Bybee and Marchand was sufficient to put Walker on notice of Bybee's involvement and knowledge of facts related to the remaining claims. *Id.* at 3. Finally, Defendants argue that they were not required to disclose Bybee in response to Interrogatory No. 15 because he was not "personally involved

in the actual surveillance of Plaintiff." *Id.*

Defendants' arguments are unpersuasive. Defendants have repeatedly asserted attorney-client privilege to prevent Walker from learning of Bybee's involvement in the City's decision-making process surrounding his FMLA leave. At Marchand's deposition the City's counsel asserted that the email, which Defendants now rely on, was inadvertently disclosed and should be clawed back. Defendants cannot assert attorney-client privilege to prevent a plaintiff from obtaining discovery and then rely on that same discovery to support their position at trial. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).

Interrogatory No. 15 did not seek the identity of only those individuals personally involved in the surveillance of Walker; it sought individuals who had "any knowledge of" the surveillance. The City now seeks to call Bybee for the purpose of discussing his role in approving such surveillance. However, the City did not list him in response to this interrogatory.

Finally, Defendants' reliance on their initial disclosures is misplaced. While Bybee was disclosed as someone who had general knowledge and may be called at trial, this was before Walker's second amended complaint and the FMLA claims now at issue. The nature of this case changed substantially from the filing of Walker's first amended complaint to the decision by the Ninth Circuit dismissing

the remainder of Walker's constitutional claims. Defendants had the opportunity to disclose Bybee in response to Interrogatory No. 15 and chose not to.

Walker is now prejudiced by Defendants failure to disclose Bybee as someone who might have knowledge of Walker's FMLA claims. Walker has not had the opportunity to depose Bybee nor seek a second deposition of Marchand, related to discussions that were claimed to be privileged. Defendants have not shown that their failure to disclose Bybee was substantially justified or harmless. Accordingly, the Court will grant Walker's motion and prohibit Bybee from testifying at trial. The Court will also exclude any testimony relating to Bybee's authorization or involvement in the surveillance of Walker.[2]

Finally, Defendants do not respond to Walker's motion seeking to exclude testimony of Terry Felsman. It does not appear that Felsman was ever disclosed by

---

[2] The Court is mindful that it recently denied the Defendants' motion to strike the Plaintiff's expert testimony despite a failure to seasonable supplement her expert report. However, the Court concluded that there was no substantial prejudice to the Defendants because the theory and methodology of the Plaintiff's expert had not changed, and the late supplementation simply updated the calculations with more current information. In addition, the Court required that the Plaintiffs pay any expenses incurred by the Defendants' expert in updating their report in response to Plaintiff's supplementation. In addition, this situation is markedly different in that the Plaintiff never tried to prevent the Defendants from learning of the information contained in the supplemental report, whereas, the Defendants effectively barred discovery of what Bybee knew by asserting privilege in the Marchand deposition and in responding to Plaintiff's interrogatories. Further, the Court does not believe there is a need for a deposition of Plaintiff's expert. Here, however, if Bybee was allowed to testify Walker would need to depose him between now and trial next week.

Defendants and they do not now argue that the failure was justified or harmless. Accordingly, the Court will also prohibit Felsman from testifying at trial.

## ORDER

**IT IS ORDERED** that Plaintiff's Motion in Limine (Dkt. 103) is **GRANTED**.

DATED: July 13, 2020

B. Lynn Winmill
U.S. District Court Judge