UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN WALKER,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF POCATELLO, a political subdivision of the State of Idaho; SCOTT MARCHAND, in his individual and official capacity; BRIAN BLAD, in his individual and official capacity; and ROGER SCHEI, in his individual and official capacity,<br><br>   Defendant. | Case No. 4:15-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

    The Court held a pretrial conference with the parties on June 25, 2020. During that conference, the parties requested clarification as to whether a retaliation claim under the Rehabilitation Act is to be decided by the Court or the jury. The Court requested supplemental briefing which has been filed.

    Walker initially argued that only equitable relief is available through a retaliation claim under the Rehabilitation Act and the Court should determine both liability and damages. *Pl.'s Br.* at 8-10, Dkt. 74. However, Walker's supplemental brief now argues that compensatory damages are available and the claim should be submitted to the jury. Dkt. 94. Defendant initially argued that damages under a

**MEMORANDUM DECISION AND ORDER - 1**

retaliation claim are legal remedies, thus both liability and damages should be determined by the jury. *Def.'s Supp. Br.*, Dkt. 86. Defendant's supplemental brief argues that Walker's Rehabilitation Act claim should be dismissed. Dkt. 93.

The Rehabilitation Act does not include any statutory right to a jury trial. *Smith v. Barton,* 914 F.2d 1330, 1336 (9th Cir. 1990). Instead, the Court must determine what relief is available to Plaintiff in a Rehabilitation Act retaliation claim to determine whether he is entitled to a jury trial on the claim. *Id.* at 1337-38. If only equitable remedies are available then Plaintiff is not entitled to a jury trial, but if compensatory damages—or other relief "at law"—are available, the jury should decide. *See id.* In *Smith*, the Ninth Circuit recognized that "money damages" are available for violations of the Rehabilitation Act, 29 U.S.C. § 794. *Id.* ("plaintiffs suing under section 504 of the rehabilitation act 'may pursue the full panoply of remedies, including equitable relief and monetary damages.'") (quoting *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987)).

At least one district court in the Ninth Circuit has held that compensatory damages are not available for a Rehabilitation Act retaliation claim. *See Iceberg v. Martin*, 2017 WL 396438, at *6 (W.D. Wash. Jan. 30, 2017). In *Iceberg* the court relied on the holdings of *Alvarado v. Cajun Operating Company*, 588 F.3d 1261 (9th Cir. 2009) and *Ferguson v. City of Phoenix,* 157 F.3d 668, 673 (9th Cir. 1998)

**MEMORANDUM DECISION AND ORDER - 2**

to reach its decision. The problem with this analysis is that *Alvarado* was a case involving a private employer under Title I of the ADA and *Ferguson* involved a discrimination claim against a public entity under Title II of the ADA and Rehabilitation Act. But, Title I and Title II of the ADA contain different remedies provisions[1] and, as explained below, that makes all the difference. Notably, in both *Alvarado* and *Ferguson,* the statutory language of the individual remedies' provision drove the Ninth Circuit's analysis.[2]  The Court will do the same here – tracing the Plaintiff's remedies to their statutory source.

Title I of the ADA links the remedies for a violation of that section, including retaliation,[3] to Title VII of the Civil Rights Act. 42 U.S.C. § 12117;

---

[1] Multiple district courts have relied on this difference to find that compensatory damages are available in retaliation claims brought under Title II of the ADA and the Rehabilitation Act against a public entity. *Garcia v. Capistrano Unified Sch. Dist.*, 2018 WL 6017009, at *10 (C.D. Cal. Mar. 30, 2018) (listing cases). These cases involved public school students and not employment actions.

[2] There is a significant amount of confusion between courts regarding the interplay of the ADA, Rehabilitation Act, and Civil Rights Act. Part of this confusion arises from the statutory morass that has been created by Congress and the interlinking references in the various statutes. Another significant area of confusion is due to the fact that, while Title II of the ADA incorporates the Rehabilitation Act's procedural rights and remedies, Title II does not prohibit employment discrimination, but the Rehabilitation Act does. *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1182 (9th Cir. 1999).

[3] The antiretaliation section of the ADA, 42 U.S.C. § 12203, provides: "The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to subchapter I, subchapter II and subchapter III, respectively." Because the plaintiff in *Alvarado* brought his ADA claim under Title I the remedies of § 12117 applied to his retaliation claim.
   Section 12117 provides "[t]he powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides … to any person alleging discrimination on the basis of
(Continued)

**MEMORANDUM DECISION AND ORDER - 3**

*Alvarado*, 588 F.3d at 1264. However, the remedies for a violation of Title II of the ADA are linked directly to the remedies for a violation of the Rehabilitation Act – at issue here – which in turn links directly to Title VI of the Civil Rights Act. 42 U.S.C. § 12133; 29 U.S.C. § 794a.

It is true, that § 504 of the Rehabilitation Act, 29 U.S.C. § 794,[4] references Title I of the ADA for the standards to determine whether a violation has occurred. *See Fleming v. Yuma Reg'l Med. Ctr.*, 587 F.3d 938 (9th Cir. 2009); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (applying ADA retaliation precedents to a Rehabilitation Act retaliation claim). Nothing in § 794 suggests that reference should be made to Title I of the ADA to determine the remedies available to a plaintiff. On the contrary, Congress set out an entirely

---

disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment."

[4] Plaintiff's claim is properly brought under § 794, which prohibits discrimination by recipients of federal funding. In *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005) the Ninth Circuit considered a teacher's § 794 claim against a school district. There the Ninth Circuit described the Rehabilitation Act as incorporating Title VII's equitable back pay remedy, citing §794a(a)(1). However, § 794a(a)(1) provides the remedies for federal employees bringing a Rehabilitation Act claim against a federal agency and the citation in *Lutz* appears to be erroneous. *See Johnston v. Horne*, 875 F.2d 1415, 1418 (9th Cir. 1989). Subsection (a)(1) of § 794a applies to federal employees bringing a claim under § 791, subsection (a)(2) provides the remedies for employees bring a Rehabilitation Act claim against an employer who received federal funds under § 794. *See id.* at 1420-21; *Smith*, 914 F.2d at 1336; *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985). Under § 794 and § 794a(a)(2) backpay is an equitable remedy. *Consol. Rail Corp. v. Darrone*, 465 U.S. 624, 630 (1984) ("we think it clear that § 504 authorizes a plaintiff who alleges intentional discrimination to bring an equitable action for backpay").

**MEMORANDUM DECISION AND ORDER - 4**

separate section, 29 U.S.C. § 794a(a)(2),[5] to detail the remedies available for a violation of § 794. *See Fleming*, 587 F.3d at 943. Section 794a(a)(2) provides that "the remedies, procedures, and rights" for a violation of § 794 are those set forth in Title VI of the Civil Rights Act. *Ferguson*, 157 F.3d at 673.

In *Alvarado* the Court's decision was driven by the remedies provided for a violation of Title I of the ADA but, as just discussed, that remedies provision does not apply here, and *Alvarado* is therefore not controlling. Instead the availability of damages in this case is governed by *Ferguson* and its interpretation of the damages available under the Rehabilitation Act and Title II of the ADA.[6]

---

[5] Section 794a provides

> The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) … shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance … under section 794 of this title.

29 U.S.C. § 794a(a)(2).

[6] The Court is well aware of the broad statement in *Ferguson* that:

> By statute, the remedies for violations of the ADA and the Rehabilitation Act are co-extensive with each other, 42 U.S.C. § 12133; 29 U.S.C. § 794a(a)(2), and are linked to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq. These statutes require that ADA and Rehabilitation Act remedies be construed the same as remedies under Title VI.

157 F.3d at 673. At first blush, this suggests (and some courts have so held) that the conclusion in *Alvarado* – that compensatory damages are not available for an ADA retaliation claim – applies to Rehabilitation Act retaliation claims as well. But, a closer reading of *Ferguson* reveals that the court was only referring to claims under Title II of the ADA. So, understood, the court's statement makes perfect sense, since the remedies for a claim under Title II, like a claim under the Rehabilitation Act, are governed by Title VI of the Civil Rights Act. As explained above, *Alvarado* dealt with a claim under Title I of the ADA, the remedies for which are found in Title VII. Therefore, it has no bearing on the decision here.

**MEMORANDUM DECISION AND ORDER - 5**

In *Ferguson* the appellants alleged they had been discriminated against on the basis of their disability in violation of Title II of the ADA and the Rehabilitation Act. 157 F.3d at 672. The court looked to the caselaw interpreting Title VI of the Civil Rights Act to determine that a plaintiff must show an intentional violation of the Rehabilitation Act before recovering compensatory damages.[7] *Id.* at 673-74. That holding applies here. To succeed on a retaliation claim, a plaintiff must show that the defendant intentionally took an adverse action because of the plaintiff's exercise of a protected right.[8]

This conclusion is not only supported by the holding in *Ferguson*, but is consistent with the very nature of a retaliation claim. Such a claim requires a showing of an intentional violation. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173–74 (2005) ("Retaliation is, by definition, an intentional act. It is a form of

---

[7] *Ferguson* ultimately held that, in order to obtain compensatory damages under a discrimination claim, the plaintiff must show discriminatory intent. The Ninth Circuit arrived at this conclusion by determining that there must be an intentional violation of the statute. *Id.* at 674 (citing *Guardians Association, etc., et al. v. Civil Service Commission of the City of New York, et al.*, 463 U.S. 582 (1983)). The Ninth Circuit has since adopted a deliberate indifference standard to show discriminatory intent. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001) ("Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood."). Under this standard the defendant's knowledge of harm to, or intent to harm, a federally protected right is ultimately what determines the availability of compensatory damages.

[8] Although the Ninth Circuit has not ruled on the issue, it appears that retaliation claims under the Rehabilitation Act must be proven "according to the traditional principles of but-for causation." *University of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2533 (2013) (Title VII retaliation claim). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id*. See also *Brooks v. Capistrano Unified Sch. Dist.*, 1 F. Supp. 3d 1029, 1037 (C.D. Cal. 2014).

**MEMORANDUM DECISION AND ORDER - 6**

"discrimination" because the complainant is being subjected to differential treatment.").

Accordingly, the Court holds that compensatory damages are available in a Rehabilitation Act retaliation claim. Because compensatory damages are available, the Court holds that the claim must be submitted to the jury.

IT IS ORDERED that the Court will submit Plaintiff's retaliation claim under the Rehabilitation Act to the jury.

IT IS FURTHER ORDERED that Plaintiff shall submit a proposed jury instruction as to the above retaliation claim by July 17, 2020, or prior to any re-scheduled trial date.

DATED: July 16, 2020

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7