UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN WALKER,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF POCATELLO, a political subdivision of the State of Idaho; SCOTT MARCHAND, in his individual and official capacity; BRIAN BLAD, in his individual and official capacity; and ROGER SCHEI, in his individual and official capacity,<br><br>    Defendants. | Case No. 4:15-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant City of Pocatello's Motion to Reconsider. Dkt. 128. The City asks the Court to reconsider its decision granting Plaintiff John Walker's motion to exclude the testimony of Kirk Bybee. Dkt. 109. For the reasons discussed below, the Court will deny the motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND[1]

In July 2020, this Court issued an order granting Plaintiff's motion to exclude testimony of Kirk Bybee. Dkt. 109. The City had intended to call Bybee, the City's attorney, to testify about the investigation into Walker's FMLA leave in 2015. *Id.* at 4. Bybee was expected to testify about his role in suggesting surveillance of Walker, his recommendation that the city take no actional against Walker, and the City's duty to investigate allegations of fraudulent FMLA leave. *Id.* The City also expected other witnesses to testify that Bybee authorized the investigation of Walker's FMLA leave. *Id.*

The Court found that Walker was prejudiced by the City's assertion of attorney-client privilege and failure to disclose Bybee as someone who might have knowledge of Walker's FMLA claims. *Id.* at 6-7. Consequently, the Court excluded Bybee's testimony. *Id.* The Court issued that order in July 2020, a week before trial was set to begin. Since then, the trial has been postponed repeatedly. Trial is currently set to begin January 10, 2022. Dkt. 131.

---

[1] A fuller recitation of the facts is set forth in the Court's previous Memorandum Decision and Order, entered July 13, 2020 (Dkt. 109). The Court will not repeat that background here.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1) requires parties to disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Pursuant to Rule 37(c)(1), if a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that witness at trial unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (internal citation omitted). The burden of preventing the sanction, and showing the failure was substantially justified or is harmless is on the party facing the sanction. *Id*.

Motions for reconsideration are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency." *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As a result, the moving party must demonstrate that reconsideration is warranted based

on one of four limited grounds: (1) to correct manifest errors of law or fact; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law. *See Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

A motion for reconsideration is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Thus, the "motion may not be used to raise arguments or present evidence for the first time [that] could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor is it an opportunity to reargue the moving parties' positions, *see Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court denied a motion to reconsider the judgment based on the same arguments made in the original motion).

## ANALYSIS

The City argues that Walker can no longer show he would be prejudiced if Bybee is allowed to testify at trial. Dkt. 128 at 3-4. The City points out that over a year has passed since the Court first determined that Bybee could not testify, and trial is still several months away. *Id.* The upshot, according to the City, is that their prior assertion of privilege is now harmless, because Walker has had—and still

**MEMORANDUM DECISION AND ORDER - 4**

has—sufficient time and opportunity to depose Bybee. *Id.* Plus, the City says it will be prejudiced if Bybee is prevented from testifying at trial. *Id.*

The Court is not persuaded. As the Court previously noted, the City "repeatedly asserted attorney-client privilege to prevent Walker from learning of Bybee's involvement in the City's decision-making process surrounding his FMLA leave." Dkt. 109 at 6. The City contends that that claim of privilege is now harmless because multiple disclosures identified Bybee as a relevant witness. Dkt. 128 at 5. The disclosures that the City points to, however, are insufficient under the Federal Rules of Civil Procedure.

First, as the Court already determined, the City cannot rely on the August 2016 initial disclosures because they were made before Walker's second amended complaint and the FMLA claims that are now at issue. Dkt. 109 at 6. Second, the City claims that Mr. Bybee was listed in supplemental disclosures in June 2017. Dkt. 128 at 4. But Walker denies receiving this documentation and points to inconsistencies that indicate the materials were not delivered. Dkt. 129 at 5-7. Tellingly, the City did not take the opportunity to rebut Walker's assertion in its reply. Dkt. 130. Finally, the City points out that it listed Bybee as a witness before trial in 2020. That listing, however, came after the close of discovery and resulted in the motion the Court is now reconsidering. These disclosures are inadequate.

**MEMORANDUM DECISION AND ORDER - 5**

The City also oversimplifies the prejudice that its failure to disclose caused to Walker. Relying on one line from the Court's order—the reasoning that Walker was prejudiced because he "has not had the opportunity to depose Bybee" or seek other depositions related to "discussions that were claimed to be privileged"—the City asserts that the present opportunity to depose Bybee cures the prejudice. Dkt. 128 at 3-4.

In fact, deposing Bybee now—four years after discovery closed—is not a one-and-done solution but the opening of Pandora's box. Dkt. 36. The City's assertion of privilege has, as Plaintiff argues, "permeated the litigation," shaping all of discovery and the course of litigation since. Dkt. 129 at 3. Walker's opportunity to depose Bybee now is simply insufficient to cure that overarching prejudice.

## ORDER

**IT IS ORDERED that** Defendant the City of Pocatello's Motion for Reconsideration (Dkt. 128) is **DENIED**.



DATED: September 4, 2021

_____
B. Lynn Winmill
U.S. District Court Judge