UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN WALKER,<br><br>    Plaintiff,<br><br>      v.<br><br>CITY OF POCATELLO, a political subdivision of the State of Idaho; SCOTT MARCHAND, in his individual and official capacity; BRIAN BLAD, in his individual and official capacity; and ROGER SCHEI, in his individual and official capacity,<br><br>    Defendants. | Case No. 4:15-cv-00498-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are plaintiff's Motions in Limine. Dkt. 134, Dkt. 143. Plaintiff, John Walker, claims that the City failed to disclose evidence about his FMLA leave and asks the Court to impose a variety of sanctions under Federal Rule of Civil Procedure 37(c). He also asks the Court to exclude certain exhibits involving Kirk Bybee based upon earlier rulings. Briefing is complete; for the reasons that follow the Court will grant the motion in part and deny the motion in part.

**MEMORANDUM DECISION AND ORDER - 1**

Because many of the issues raised by Walker's motion require more context, the Court's decision is provisional in nature and, unless otherwise indicated, may be revisited during the trial when the Court will have the benefit of considering the motion within the broader framework of the full record.

## BACKGROUND

Trial in this matter is set for January 24, 2022. A brief review of the case's procedural history places the present motion in its appropriate context.

On February 8, 2016, Walker filed his amended complaint raising § 1983 and emotional distress claims. Dkt. 3. Walker then learned that the City surveilled him during his FMLA leave. On May 1, 2017 the Court granted Walker leave to amend his complaint to add claims under the FMLA and Rehabilitation Act related to that surveillance. Dkt. 33. The Court also reopened discovery so that the parties could address these new claims. *Id*.

On January 31, 2018 the Court granted the City' motion for summary judgment on Walker's First and Fourth Amendment claims and two state law claims. Dkt. 57. The Court denied summary judgment on both Walker's due process claim and the other five remaining claims. *Id*. The City appealed the Court's decision to the Ninth Circuit. In June 2019, the Ninth Circuit found that Walker was not entitled to a promotion and remanded the case for dismissal of his

due process claim. Dkt. 64. In November 2019, Court denied the City's motion for reconsideration on the FMLA, Rehabilitation Act, NIED, and IIED claims.

The case was set for trial on July 20, 2020. During June and July 2020, the parties engaged in extensive work on pretrial matters. But on July 17, 2020, the Court vacated the trial. Dkt. 123. After numerous other trial dates were set and continued, the parties are now proceeding to trial on January 24, 2022.

Important here, in the runup to the July 2020 trial, the Court granted Walker's motion to exclude the testimony of Kirk Bybee and any testimony that he approved of or was involved in the decision to surveil Walker. Dkt 109. The Court reasoned that Walker was prejudiced because the City repeatedly asserted attorney-client privilege, preventing Walker from learning of Bybee's involvement in the decision-making process surrounding his FMLA leave. The Court affirmed this decision by denying the City's motion for reconsideration in September 2021. Dkt. 133.

## LEGAL STANDARD

There is no express authority for motions in limine in either the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). They key function of a motion in limine is to

"exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

Motions in limine are beneficial tools that promote judicial efficiency by presenting the Court with an opportunity "to rule in advance of trial on the relevance of certain forecasted evidence ... without lengthy argument at, or interruption of, the trial*." D.A. v. Meridian Joint Sch. Dist. No. 2*, No. 1:11-CV-00119-CWD, 2013 WL 12147769, at *2 (D. Idaho June 14, 2013) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). But these pretrial evidentiary rulings are made before the court has seen or heard the challenged evidence, and they restrict a party's presentation of their case. *Id.* Thus, "courts have recognized that motions in limine should be granted sparingly and only in those instances when the evidence plainly is inadmissible on all potential grounds." *Id.* (cleaned up).

In resolving this motion, the Court is guided by Federal Rule of Civil Procedure 37(c), which gives the Court broad discretion to impose discovery sanctions where a discovery violation is not "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106-07 (9th Cir. 2001). "The party facing sanctions bears the burden of

**MEMORANDUM DECISION AND ORDER - 4**

proving that its failure to disclose the required information was substantially justified or is harmless." *Id*. To determine whether a violation is justified or harmless, the Court considers factors such as "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citation omitted).

## ANALYSIS

Walker argues that the Court should impose several sanctions under Rule 37(c) for the City's discovery conduct. He also asks the Court to exclude certain exhibits that he argues violate the prior rulings excluding testimony from or about Kirk Bybee.

### A.    Jury Instruction and *In Camera* Review

Walker's broadest request for sanctions concerns discovery related to the City's surveillance of Mr. Walker during his 2015 FMLA leave. In response to Walker's first set of discovery requests, the City provided the relevant FMLA paperwork and medical certification for Walker's leave. They did not, however, provide information about their surveillance or investigation into his leave. In March and April of 2017, the City did supplement its discovery responses with

materials related to Walker's 2015 FMLA leave.

Walker says the City withheld this information as part of a campaign to willfully conceal their surveillance conduct. He claims that this general and repeated concealment violated the Federal Rules of Civil Procedure and asks the Court to impose two sanctions under Rule 37(c): an adverse inference jury instruction and an *in camera* review of certain emails in the City' privilege log.

The City argues that the failure to disclose was proper because the information was not relevant to Walker's claims until he filed his second amended complaint in 2017. It claims, that once the materials became relevant to the suit, it properly and fully disclosed.

The Court finds that the City's failure to disclose the surveillance is harmless, regardless of the reasons behind it. Once Walker learned of the City's conduct, he was able to amend his complaint to include claims related to the leave. He was also afforded additional discovery time to investigate those claims fully. The City's conduct in this case—whether or not it constitutes a discovery violation—is harmless under Rule 37(c). Any prejudice has been cured by the amended complaint and further discovery. The Court finds it instructive that, although Walker does not have the burden to show that the City's conduct caused him harm, he does not identify any specific harm in his briefing. Because the Court

has determined the City's conduct is harmless under Rule 37(c), the Court will not give an adverse inference jury instruction or require another *in camera* review.

**B.     Exhibits 2002-2008 and 2010**

Walker next asks the Court to exclude exhibits 2002-2008 and 2010 under Rule 37(c). These exhibits include the City's FMLA handbook, procedures, forms, and notices.

Walker argues that the City should have produced these documents in response to his requests for "any all and documents which may be introduced as an exhibit at the trial in this matter," "a copy of any and all employee handbooks or policies that exited during the timeframe that Plaintiff has been employed with the City and PPD," and "any documentation related to Plaintiff's medical leave of absence and/or FMLA leave." Dkt. 137 at 6. He contends that the City violated discovery rules because it did not produce these exhibits until June 8, 2020, long after discovery had closed. According to Walker, the late disclosure deprived him of "the ability to conduct further discovery related to these documents, including when the documents were used, to whom they were provided, who had access to the documents, etc." *Id*.

As above, the City's conduct here is harmless. Even assuming the materials would be responsive to Walker's rather broad requests, all of these materials were

available to Walker, either as part of the public record or through his employment. In addition, the City disclosed this evidence nearly 18 months ago.[1] Given the combination of 18-months' notice and public access to the relevant materials, Walker suffers no prejudice from the introduction of these exhibits at trial. The Court therefore will not exclude them under 37(c).

### C.    Exhibit 2020 – Bybee Email

Walker claims that Exhibit 2020—an email from city attorney Kirk Bybee— should also be excluded under Rule 37(c). As discussed previously, the Court has already issued two decisions precluding the City, under Rule 37(c), from calling Bybee as at witness at trial. *See* Dkt. 109, 133. The Court determined that because the City's previous assertion of privilege has permeated the litigation, Walker would suffer prejudice if the City called Bybee at trial.

The same reasoning applies to Exhibit 2020. At Chief Marchland's deposition, the City's counsel asserted that the email now identified as Exhibit 2020 was inadvertently disclosed and should be clawed back. As the Court has

---

[1] In other motions, the City has made arguments that the time lapse between the disclosures in the leadup to the vacated 2020 trial and the current trial make alleged discovery violations harmless. On this narrow issue, because the records were also public and accessible to Walker, the Court is weighing the year and a half delay. In general, however, the Court cautions the parties that it is not persuaded by arguments that rely too heavily on the litigation timeframe.

now stated three times, allowing the City to use and provide testimony concerning this exhibit would be prejudicial to Walker. *Id*.

### D.    Exhibit 2050 – Schei Email

Finally, Walker asks the Court to exclude Exhibit 2050. Exhibit 2050 is an email from Chief Deputy Roger Schei to Chief Scott Marchand and Major Jim Peterson. He writes:

> I met with Kirk and Kim in reference to the situation involving Lt. Walker and suspicions that he may be working in Blackfoot.  Both recommended that we send someone up there to look into it.  I would suggest someone out of the division with IA experience because if it is true this would become an Internal.   His work restriction from his doctor are use of a firearm, drive a vehicle, and restrain individuals. Kim indicated that if he were found to be doing any work on the farm it would be a violation of these restrictions and technically would be considered theft. If there are any questions please let me know.
> Also he still has not contacted the Bannock County Prosecutors in reference to the Nori Jones case.  Herzog called today and confirmed that no messages were left.  I just called Walker and left him a message inquiring on why this was not done.  He has not called me back yet.

Dkt. 143 at 2. Walker argues this email runs afoul of the Court's rulings concerning Kirk Bybee. He also contends that the email is inadmissible hearsay and lacks foundation. In addition, he claims that the statement regarding theft is improper expert opinion.

The City argues that the email is from Deputy Schei, not Kirk Bybee, and so is not incompatible with earlier rulings. Further, the City contends that the email is

not hearsay because is not offered for the truth of the matter asserted, but rather to give context to the investigation of Plaintiff's FMLA leave.

The Court is persuaded that the parts of the email discussing Kirk Bybee should be excluded. The portions of the email that discuss Bybee meeting with and making recommendations to Schei plainly violate the Court's decision not to allow evidence regarding Bybee's authorization or involvement in the surveillance.

In all other respects, however, Exhibit 2050 is admissible. Although Mr. Walker has been prejudiced by the City's assertion of privilege over Bybee, that prejudice does not logically extend to any meetings at which Bybee was present. The Court's decisions concern, specifically and narrowly, Mr. Bybee's involvement, authorization, and recommendation. Accordingly, the Court will not prevent the City from introducing evidence about Kim Smith's comments or recommendations.

Similarly, the Court broadly agrees that Exhibit 2050 is not necessarily hearsay if offered to provide context to the City's decision-making process around Mr. Walker's FMLA leave. But the Court cannot predict or foresee all of the potentials uses of evidence and, likewise, and cannot make appropriate preliminary rulings. Rather, as the evidence is presented at trial, the Court will entertain the parties' specific evidentiary objections.

MEMORANDUM DECISION AND ORDER - 10

## ORDER

**IT IS ORDERED that:**

1.  Plaintiff's Motion in Limine (Dkt. 134) is **GRANTED in part and DENIED in part**. Exhibit 2020 is excluded under Rule 37(c). Exhibit 2050 is admissible so long as the discussion of Kirk Bybee and his recommendation is redacted. The motion is **DENIED** in all other respects.

DATED: January 7, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 11**